IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

FRANKLIN N. DAVIS and CYNTHIA D. DAVIS,
Individually and on behalf of their daughter,
AMANDA DAVIS                                                                              PLAINTIFFS

V.                                                              CIVIL ACTION NO. 1:04CV329-B-D

UNITED STATES OF AMERICA                                                             DEFENDANT

## **MEMORANDUM OPINION**

This cause comes before the court upon the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

<u>Factual and Procedural Background</u>

On November 22, 2003, plaintiff Franklin N. Davis was a civilian participant in the "Wacky Glo-Ball Golf Tournament" at the Whispering Pines Golf Course at Columbus Air Force Base ("CAFB") in Columbus, Mississippi. The tournament was divided into two nine-hole portions. For the first nine holes, the participants played according to a "wacky" rule in place at each hole. Among the "wacky" rules were such requirements as teeing off in a chair, putting with a tennis ball, and playing opposite handed. After the first nine holes, the tournament broke for dinner. When play resumed, the participants were required to play the remaining nine holes with glow-in-the-dark golf balls.

The tournament's format was a scramble, which allowed the players to choose the best of each shot from their four-member team. Because of an odd number of participants, some teams were comprised of less than four members. The players on those teams were allowed to take extra shots to make up for missing team members.

Franklin Davis played the tournament as a member of a two-person team with Mr. Dwain Stephens. The two men were accompanied by Davis' daughter, plaintiff Amanda Davis. Mr. Davis and Mr. Stephens were each allowed to take an extra shot to make up for two missing team members.

This lawsuit arises from an accident which occurred while Davis and Stephens were playing the par-three hole number seven. The "wacky" rule at hole number seven required the players to use a slingshot apparatus to propel their golf ball toward the green, which was approximately 120 yards away. The slingshot apparatus was constructed for the previous year's tournament by Whispering Pines' head golf professional, Ricky Magers, and used without incident for that tournament.

Davis and Stephens each used the slingshot, but neither of the players' golf balls reached the green. According to Stephens' deposition testimony, the two decided that, for their next attempt, Davis would pull back on the slingshot, and Stephens would simultaneously pull back on Davis himself by holding Davis' belt or waistline area in an effort to add more force, and thereby more distance, to the shot.[1]

As Davis pulled on the slingshot, one of the bungee cords came loose from the metal pole to which it was attached and struck Davis above his right eye. Stephens phoned the pro shop, and Ricky Magers came to the scene. Magers offered to escort Davis to the hospital, but Davis declined stating that he could drive himself.

On March 12, 2004, Davis filed an administrative claim with CAFB for $500,000, claiming that he suffered traumatic maculopathy in his right eye as a result of the accident.

---

[1]Plaintiff Davis testified that he did not remember whether Stephens pulled him.

Davis' wife, Cynthia Davis, subsequently filed a claim in the amount of $175,000 for loss of consortium, and Amanda Davis, alleging that she suffered physical and emotional distress by witnessing her father's accident, filed a claim for $50,000. All three claims were denied by certified letter on December 8, 2004.

On October 20, 2004, the plaintiffs filed the present action in accordance with the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, alleging, inter alia, that the defendant negligently rigged the bungee cord, thereby creating an unreasonably dangerous condition, and that the defendant failed to warn of the hidden danger of operating the apparatus. The plaintiffs demand judgment against the United States in the amount of $500,000. The defendant has moved for summary judgment on all claims.

<u>Standard of Review</u>

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). If the movant is successful in doing so, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274 (quoting Fed. R. Civ. P. 56(c), (e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could

find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

Analysis

The Federal Tort Claims Act authorizes civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §§ 1346(b)(1), 2674. Thus, in this case, the court must apply the substantive law of Mississippi.

It is hornbook law that a plaintiff, in order to prevail on a claim of negligence, must show by a preponderance of the evidence that the defendant breached some duty owed to the plaintiff and that the breach of that duty caused the plaintiff to be injured. *Simpson v. Boyd*, 880 So. 2d 1047, 1050 (Miss. 2004). In Mississippi, a landowner or business operator owes to an invitee a duty to exercise reasonable care to keep the premises in a reasonably safe condition or to warn the invitee of dangerous conditions, not readily apparent, which the owner knew or should have known existed. *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283, 285 (Miss. 1986). The owner, however, is not an insurer against all injuries. *Drennan v. The Kroger Co.*, 672 So. 2d 1168, 1170 (Miss. 1996). Mississippi law provides three theories upon which a plaintiff's premises liability claim can be based: (1) that the defendant's own negligence created a dangerous condition which caused the plaintiff's injury; (2) that the defendant had actual knowledge of a dangerous condition but failed to adequately warn the plaintiff of the danger; or (3) that the defendant should have known of the dangerous condition if he had acted reasonably because the condition existed for a sufficient period of time to impute constructive knowledge to

4

him.  *Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995) (citing *Munford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992)).

In the case at bar, the plaintiffs proceed under the first two theories addressed above. They claim that the defendant's own negligence created the dangerous condition and that the defendant knew of a dangerous condition but failed to warn its invitees.

The first essential question to be addressed is whether an unreasonably dangerous condition existed.  The plaintiffs assert that whether the slingshot apparatus was unreasonably dangerous is a genuine issue of material fact that should be left within the province of the jury. To avoid summary judgment, however, the plaintiffs must set forth facts that support each of the four essential elements of a negligence claim as outlined above – duty, breach, causation, and damages.  Because they have failed to set forth even a scintilla of evidence in support of their position that the slingshot was unreasonably dangerous, the plaintiffs fail to satisfy their burden with the second element.  It is clear that the plaintiffs will be unable to prove that the defendant breached its duty to exercise reasonable care to keep the premises in a reasonably safe condition. The plaintiffs are not allowed to rely on the mere fact that the accident occurred in order to show that the slingshot apparatus was unreasonably dangerous.  It is axiomatic that the doctrine of *res ipsa loquitur* is inapplicable in a premises liability context.  *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citing *Sears Roebuck & Co. v. Tisdale*, 185 So. 2d 916, 917 (Miss. 1966)).

The Supreme Court has stated that Rule 56(c) of the Federal Rules of Civil Procedure mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the

burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. at 2552. "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121 (N.D. Miss. 1988) (quoting *Celotex Corp.*, 477 U.S. at 323). Under Rule 56(c), the district court must enter summary judgment if the evidence favoring the nonmoving party is insufficient for a jury to enter a verdict in his favor. *Washington*, 839 F.2d at 1123 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986)). The non-moving party "must present more than a metaphysical doubt about the material facts." *Id.* at 1123 (citing *Matsushita*, 475 U.S. at 587).

The plaintiffs have set forth no evidence other than the accident itself to show that the slingshot apparatus was unreasonably dangerous. The plaintiffs' claim that the defendant negligently created such a condition, therefore, fails with the second essential element – breach of duty. The plaintiffs' failure to warn claim fails with the first essential element – the existence of a duty; for obviously the defendant was under no legal duty to warn of a dangerous condition which the plaintiff cannot prove existed. Because the plaintiffs have failed to carry their burden as to the first two essential elements of their negligence claims, it is unnecessary for the court to address the issues of causation or damages. The defendant is entitled to judgment as a matter of law.

Cynthia Davis' claim of loss of consortium is a derivative claim and therefore survives or fails with her husband's claim. *McCoy v. Colonial Baking Co., Inc.*, 572 So. 2d 850 (Miss. 1990). Because the court finds that summary judgment is appropriate for Franklin Davis' claim, no further inquiry into his wife's claim is necessary.

Amanda Davis appears to have abandoned her claim for emotional distress by failing to defend it against the defendant's summary judgment motion. The court will, nevertheless, address the merits of the claim. Mississippi law applies one of two standards to emotional distress claims depending on the nature of the case. The Mississippi Supreme Court has stated:

> It is undisputed that under Mississippi law, a plaintiff asserting a claim for mental anguish, whether as a result of simple negligence or an intentional tort, must always prove that the emotional distress was a reasonably foreseeable result of the defendant's conduct. In cases of intentional infliction of emotional distress, where the defendant's conduct was "malicious, intentional, or outrageous," the plaintiff need present no further proof of physical injury. Where . . . the defendant's conduct amounts to simple negligence, we take this opportunity to clarify that we have moved away from the requirement of proving some physical injury in addition to the proof of reasonable foreseeability. . . . [T]he proof may solely consist of evidence of a mental injury without physical manifestation.

In the case at bar, the court finds that the plaintiff cannot meet either standard. Davis has not alleged that the defendant's conduct was malicious, intentional, or outrageous; nor has she shown proof of any physical or mental injury. Indeed, as the defendant has noted, the plaintiffs' own admission reveals that Amanda Davis has received no treatment from a physician or other licensed health care provider for any symptoms alleged to have been caused by witnessing her father's injury. For these reasons, Amanda Davis' claim must fail, and the defendant is entitled to judgment as a matter of law on the claim.

## Conclusion

The court finds that the defendant has met its burden of showing the absence of a genuine issue of material fact, and the plaintiffs have failed to designate specific facts showing otherwise. For the foregoing reasons, the court finds that the defendant is entitled to judgment as a matter of

law on all claims.  The defendant's motion for summary judgment is well-taken and shall be granted.  A separate order in accord with this opinion shall issue this day.

This, the 3rd day of March, 2006.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**